# No. 13-1540

# In the United States Court of Appeals for the Tenth Circuit

LITTLE SISTERS OF THE POOR HOME FOR THE AGED, DENVER, COLORADO, a Colorado non-profit corporation, LITTLE SISTERS OF THE POOR, BALTIMORE, INC., a Maryland non-profit corporation, by themselves and on behalf of all others similarly situated, CHRISTIAN BROTHERS SERVICES, an Illinois non-profit corporation, and CHRISTIAN BROTHERS EMPLOYEE BENEFIT TRUST,

*Appellants,*

v.

ALEX AZAR, Secretary of the United States Department of Health and Human Services, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, R. ALEXANDER ACOSTA, Secretary of the United States Department of Labor, UNITED STATES DEPARTMENT OF LABOR, STEVEN MNUCHIN, Secretary of the United States Department of the Treasury, and UNITED STATES DEPARTMENT OF THE TREASURY,

*Appellees.*

**On Appeal from the United States District Court for the District of Colorado, Hon. William J. Martinez, Civ. No. 1:13-cv-02611-WJM-BNB**

**PLAINTIFFS-APPELLANTS' STATUS REPORT AND REQUEST FOR CONTINUED ABEYANCE**

Plaintiffs-Appellants file this status report and request for continued abeyance pursuant to this Court's order of April 24, 2018.

In order to bring this matter to conclusion, Plaintiffs intend to move to re-open proceedings in the district court and seek a final injunction there in light of Defendants-Appellees' factual concessions, new legal positions, and new regulations. Defendants do not oppose this procedure for resolving the case, and expect to take no position on the motion for injunction. Other federal courts have been resolving the remaining parallel contraceptive mandate cases by entering similar injunctions, including two in this Circuit. *See Sharpe Holdings, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 12-CV-92, 2018 WL 1520031 (E.D. Mo. Mar. 28, 2018); *Reaching Souls Int'l, Inc. v. Azar*, No. CIV-13-1092, 2018 WL 1352186 (W.D. Okla. Mar. 15, 2018); *Catholic Benefits Ass'n LCA v. Hargan*, No. 14-cv-685 (W.D. Okla. Mar. 7, 2018); *Wheaton College v. Burwell*, No. 13-cv-8910 (N.D. Ill. Feb. 22, 2018).

In the meantime, Plaintiffs respectfully request that this appeal be held in abeyance during the pendency of the proceedings below, so as to ensure that there is no gap in Plaintiffs' protection from the challenged regulations. Plaintiffs are currently protected by an injunction pending

appeal, *Little Sisters of the Poor Home for the Aged v. Sebelius*, 134 S. Ct. 1022 (2014), and by a subsequent order in *Zubik v. Burwell,* 136 S. Ct. 1557 (2016), which did not purport to be a final resolution on the merits. Plaintiffs do not wish to dismiss this appeal and risk even arguable exposure to the challenged regulations, which are still in force.

Plaintiffs expect to be able to dismiss the appeal if the permanent injunction is entered in the district court. *See Pinson v. Pacheco*, 424 F. App'x 749, 754 (10th Cir. 2011) ("When a district court proceeds to adjudicate the merits of the underlying action and enters a final judgment, an appeal from the denial of a preliminary injunction is moot"); *see also Pueblo of Pojoaque v. New Mexico*, 863 F.3d 1226, 1231 (10th Cir. 2017) (district court may adjudicate merits while interlocutory appeal of preliminary injunction is pending). Until that time, however, Plaintiffs respectfully request that the Court maintain the existing abeyance in this appeal and instruct the parties to file a status report no later than June 23, 2018.

Plaintiffs have conferred with Defendants, who have stated that they consent to the continued abeyance in this court while the parties seek final disposition in the district court.

Respectfully submitted,

/s/ Mark Rienzi
Mark L. Rienzi
Daniel Blomberg
The Becket Fund for Religious Liberty
1200 New Hampshire Ave N.W., Suite 700
Washington, DC 20036
(202) 349-7208
mrienzi@becketfund.org

Carl C. Scherz
Seth Roberts
Locke Lord LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8583
cscherz@lockelord.com

Kevin C. Walsh
Univ. of Richmond Law School
28 Westhampton Way
Richmond, VA
(804) 287-6018
kwalsh@richmond.edu

**<u>Certification of Compliance</u>**

 I certify that (1) all required privacy redactions have been made; (2) any required paper copies are exact versions of the document filed electronically; and (3) that the electronic submission was scanned for viruses and found to be virus-free.

          *<u>/s/ Mark Rienzi</u>*
          Mark Rienzi

## Certificate of Service

I hereby certify that on May 11, 2018, I electronically filed the foregoing with the Clerk of Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Mark Rienzi*
Mark Rienzi